IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREG ANDERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>KATE A. TOOMY, T. RICHARD DAVIS, THOMAS B. PRICE, GARY R. HOWE, NATHAN SCHARTON, THE LAW FIRM OF CALLISTER, NEBEKER, AND MCCULLOUGH, and JOHN OR JANE DOES 1 through 20,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DECLARATORY JUDGMENT AND GRANTING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:07-CV-673 TS |

I.  BACKGROUND

This matter is before the Court on Plaintiff's Motion for Declaratory Judgment,[1] Defendant Mary Kate Toomey's Motion to Dismiss,[2] and a Motion for Summary Judgment filed by Defendants

---

[1]Docket No. 10.

[2]Docket No. 15.

1

T. Richard Davis, Thomas B. Price, Gary R. Howe, Nathan Scharton, and Callister Nebeker & McCullough (the "Callister Defendants").[3]

The case arises out of a dispute between Plaintiff and Mr. Davis, wherein Plaintiff purchased property at a Sheriff's sale and was later notified that the property was subject to a Note that had come due. Plaintiff challenged the foreclosure proceeding commenced by Mr. Davis, arguing that the statute of limitations had already run on any right to demand payment on the Note. Defendant Toomy, sitting as the District Judge in the District Court of the Third Judicial District in and for Salt Lake County, State of Utah, ruled against Plaintiff.[4] Plaintiff appealed that decision to the Utah Court of Appeals, which affirmed the decision of Judge Toomy.[5] Plaintiff's petition for a writ of certiorari to the Utah Supreme Court was denied.[6]

Shortly after Judge Toomy's decision was handed down, Plaintiff filed this lawsuit, claiming: (1) denial of Plaintiff's constitutional rights; (2) malicious prosecution; (3) abuse of process; (4) bad faith; and (5) "Plaintiff should be allowed to remove his state case to this court in order to have a fair and unbiased hearing."[7] In his Motion for Declaratory Judgment, Plaintiff has requested that the Court either declare the state of Utah law related to the original state case or, in the alternative, that the Court certify the question to the Utah Supreme Court.

---

[3] Docket No. 17.

[4] Docket No. 10, Ex. B.

[5] *Id.*, Ex. A.

[6] Docket No. 18, Ex. B.

[7] Docket No. 4 at 22.

Defendant Toomy, in her Motion to Dismiss, asks the Court to dismiss the case for lack of subject matter jurisdiction and failure to state a claim. The Callister Defendants' Motion for Summary Judgment asks the Court to dismiss Plaintiff's claims for the following reasons: (1) lack of subject matter jurisdiction; (2) *res judicata*; (3) improper removal; and (4) failure to state a claim.

For the reasons explained below, the Court will deny Plaintiff's Motion for Declaratory Judgment, grant Defendant Toomy's Motion to Dismiss, and grant the Callister Defendants' Motion for Summary Judgment.

## II. DISCUSSION

### A. MOTION FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201, a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." While subject matter jurisdiction over Plaintiff's declaratory judgment action has been granted by 28 U.S.C. § 2201, it is still subject to other conditions, such as preclusion law.[8] The United States Supreme Court has stated that pursuant to the Full Faith and Credit Act,[9] the Court is required to "give the same preclusive effect to a state-court judgment as another court of that State would give."[10]

Plaintiff, in his Motion, requests that the Court declare the state of Utah law as it pertains to two vital elements of his case in Utah state court. Specifically, Plaintiff asks the Court to interpret

---

[8] *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.").

[9] 28 U.S.C. § 1783.

[10] *Exxon Mobil Corp.*, 544 U.S. at 293 (citing *Parsons Steel, Inc. v. First Al. Bank*, 474 U.S. 518, 523 (1986)).

Utah law in a way that would directly contradict the holding of the Utah Court of Appeals in Plaintiff's state case. The Utah Court of Appeals held that: (1) the six year statute of limitations on an installment contract, wherein the entire balance is due at some date certain, begins at that date certain, unless an acceleration clause has been invoked; and (2) the obligee under the contract must voluntarily invoke the acceleration clause.[11]

Plaintiff clearly disagrees with the holding of the Utah Court of Appeals, as well as the original decision of Judge Toomy. However, final judgment has been rendered in Plaintiff's state case, with the Utah Supreme Court denying Plaintiff's Petition for Certiorari, and the Court is required to give preclusive effect to the Utah Court of Appeals' holding. Plaintiff's Motion asks for nothing less than for the Court to contradict a decision handed down by Utah state courts, which the Court declines to do. The Court will therefore deny Plaintiff's Motion for Declaratory Judgment. Because Plaintiff's Motion will be denied based on preclusion law, the Court need not reach Defendants' *Rooker-Feldman* arguments.

B.   DEFENDANT TOOMY'S MOTION TO DISMISS

Defendant Toomy moves the Court to dismiss Plaintiff's claims against her, claiming that the Court does not have subject matter jurisdiction and that Defendant Toomy has absolute immunity in her capacity as a judge. Plaintiff did not file a response to Defendant Toomy's Motion to Dismiss. Plaintiff did, however, file a response to the Motion for Summary Judgment filed by the other Defendants. As a pro se litigant, Plaintiff is entitled to have the Court construe his Verified Reply Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Opposition")[12]

---

[11]Docket No. 10, Ex. A.

[12]Docket No. 23.

liberally,[13] so the Court will consider the arguments therein as responses to Defendant Toomy's Motion to Dismiss, to the extent they are applicable.

Plaintiff's Opposition did not include any arguments in response to Defendant Toomy's Motion to Dismiss for failure to state a claim; therefore, the Court is entitled to grant the motion without further notice, pursuant to DUCivR 7.1(d). However, the Court will consider the arguments presented by Defendant Toomy on their own merits.

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[14] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[15] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[16] But, the court "need not accept conclusory allegations without supporting factual averments."[17] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief

---

[13] *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

[14] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[15] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[16] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[17] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

may be granted."[18]  Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[19]

Defendant Toomy argues that Plaintiff fails to state a claim because judges are absolutely immune from suit for acts done in their judicial capacities.  The United States Supreme Court has stated that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[20]  "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."[21]  Defendant Toomy was a Utah state trial judge of general jurisdiction, trying a case regarding state contract law.  Plaintiff has offered no evidence that Defendant Toomy was without jurisdiction when she tried Plaintiff's case, so Defendant Toomy is entitled to absolute immunity and Plaintiff's claims against her will be dismissed.  As a result, the Court need not consider Defendant Toomy's Eleventh Amendment or *Rooker-Feldman* arguments.

C.      CALLISTER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Callister Defendants move the Court to grant Summary Judgment on all claims against them, arguing that: (1) there are no issues of material fact in dispute; (2) *Rooker-Feldman* denies the Court subject matter jurisdiction over the case; (3) Plaintiff's claims are barred by the doctrine of

---

[18]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[19]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[20]*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

[21]*Id.* at 356.

*res judicata*; (4) the case was improperly removed to federal court pursuant to 28 U.S.C. 1332; and (5) Plaintiff has failed to allege each element of each cause of action contained in the Complaint.

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[22] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[23] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[24]

The Callister Defendants argue, in their Reply Memorandum,[25] that Plaintiff's Opposition does not contain a concise statement of material facts that remain in dispute, as required by DUCivR 56-1(c). However, as a pro se litigant, Plaintiff is entitled to have the Court construe his filings with leniency.[26] Therefore, the Court will construe the Statement of Facts section in Plaintiff's Opposition[27] to meet the requirements of DUCivR 56-1(c), and make its determination of the existence of material facts remaining in dispute after thus considering Plaintiff's Statement of Facts.

---

[22] *See* Fed. R. Civ. P. 56(c).

[23] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[24] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[25] Docket No. 31.

[26] *Erickson*, 127 S.Ct. at 2200; *Andrews*, 483 F.3d at 1076.

[27] Opposition at 3-6.

1.     Improper Removal

It is unclear whether the Callister Defendants' arguments regarding improper removal are directed solely at Plaintiff's confusingly titled fifth cause of action, or whether they intend to attack all of Plaintiff's claims on the grounds that Plaintiff has simply removed his state law case to federal court, and now wishes to re-litigate it.  To be certain, language from the Complaint and Plaintiff's Opposition could reasonably lead to the conclusion that Plaintiff simply wants the Court to decide whether the Utah courts got it right: "Plaintiff is simply asking this honorable court to read the state case law and make its decision pursuant to that law . . . ."[28]

Plaintiff's fifth cause of action appears to be an inartfully worded request for removal of Plaintiff's state law case to federal court.  That request must be denied because only a defendant may remove to federal court.  Further, the state law case has now been resolved.  A final judgment may only be appealed, not removed to federal court.[29]  To the extent that the Callister Defendants' Motion for Summary Judgment on the grounds of improper removal is aimed at Plaintiff's fifth cause of action, it will be granted.

However, to the extent that the Callister Defendants intend to challenge Plaintiff's remaining causes of action as being an improper removal of Plaintiff's state law claims, it will be denied.  The well-pleaded complaint rule states that a case "arises under federal law within the meaning of [28 U.S.C.] § 1331 if a well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question

---

[28] Docket No. 23 at 17.

[29] 28 U.S.C. § 1446(a) (notice of removal can be filed only in the district and division where an action in state court is *pending*).

of federal law."[30] Plaintiff's Complaint establishes that 42 U.S.C. § 1983 creates at least one cause of action, and the Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367 for the remaining claims.

  2. <u>Failure to State a Claim</u>

The Callister Defendants argue that Plaintiff has failed to allege sufficient facts to meet all the elements of the causes of action contained in the Complaint. Specifically, they argue that: (i) none of the Defendants are state actors, and therefore cannot be subject to a § 1983 action; (ii) wrongful use of civil proceedings (the civil equivalent of malicious prosecution) requires that the party initiating the action (Plaintiff) do so for some purpose other than proper adjudication of claims, and that proceedings terminated in favor of Plaintiff, neither of which are met in this case; (iii) abuse of process requires an ulterior motive, which has not been alleged or proven, and an improper act in the use of the process, neither of which are met; and (iv) that Plaintiff has failed to make any showing of bad faith.

  a. <u>§ 1983 Action</u>

In order to make a valid § 1983 claim against private individuals, such as the Callister Defendants, Plaintiff must allege and provide evidence that: (1) the alleged deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible; and (2) the private party must have acted together or obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State.[31]

---

[30] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

[31] *Wyatt v. Cole*, 504 U.S. 156, 162 (1992).

Plaintiff claims that the Callister Defendants conspired with Defendant Toomy in utilizing "fictional" state case law[32] to deprive him of his property in violation of his constitutional rights. Plaintiff has thus alleged that the Callister Defendants received significant aid from Defendant Toomy, the judge in Plaintiff's state case, clearly a state official. It is unclear precisely which right or privilege, created by the state, Plaintiff believes caused the alleged deprivation. The Callister Defendants were the defendant and defense counsel during a state civil case initiated by Plaintiff. Therefore, to the extent that a state-created right or privilege gave rise to the alleged deprivation of Plaintiff's constitutional rights, it was the exercise of that privilege by Plaintiff that caused the deprivation

Moreover, Plaintiff claims that the Callister Defendants conspired with Defendant Toomy to utilize "fictional" state case law to deprive him of his property. However, it is not within the jurisdiction of the Court to declare for the state of Utah what its law is. When applying Utah law, the Court is bound by final decisions issued by the Utah courts. The Utah Court of Appeals issued a ruling in Plaintiff's state case, and the Utah Supreme Court denied Plaintiff's petition for certiorari. That decision has now become final, and the Court can not simply declare the principles of law within that decision to be fictional, but must give full faith and credit to that decision.

Plaintiff has provided nothing other than conclusory statements that his rights were violated. No rational juror could conclude that Plaintiff has met the requirements established by the U.S. Supreme Court for a § 1983 action against private actors, and the Court will grant summary judgment to the Callister Defendants on Plaintiff's first cause of action.

---

[32]Docket No. 23 at 6.

      b.      <u>Wrongful Use of Civil Proceedings</u>

Plaintiff's second cause of action is for malicious prosecution, which is inapplicable to a civil proceeding. The Court will construe Plaintiff's second cause of action as being that of wrongful use of civil proceedings.[33] In order to make a valid claim for wrongful use of civil proceedings, Plaintiff must allege and show: (1) the individual initiating the prior proceedings acted without probable cause, primarily for a purpose other than that of securing the proper adjudication of the claim; and (2) except when they are ex parte, the prior proceedings terminated in favor of the person against whom they were brought.[34]

Plaintiff simply cannot provide evidence to support this cause of action, because the first necessary element of the claim requires that the Callister Defendants brought suit against Plaintiff. Plaintiff's own filings, and the state court records indicate that the prior case was brought by Plaintiff. No rational juror could conclude that there was a wrongful use of civil proceedings, and the Court will grant summary judgment to the Callister Defendants on Plaintiff's second cause of action.

      c.      <u>Abuse of Process</u>

In order to succeed on a claim of abuse of process, Plaintiff must be able to show that the Callister Defendants used the legal process to accomplish a purpose for which it was not designed.[35]

---

[33] *Gilbert v. Ince*, 981 P.2d 841, 845 (Utah 1999).

[34] *Anderson Development Co. v. Tobias*, 116 P.3d 323, 340-41 (Utah 2005).

[35] *Hatch v. Davis*, 147 P.3d 383, 389 (Utah 2006).

Plaintiff must allege an ulterior purpose and "a wilful act in the use of process not proper in the regular conduct of the proceeding."[36]

Plaintiff's claims are troubling for two reasons. First, Plaintiff commenced the action against the Callister Defendants, indicating that the only use the Callister Defendants had for the legal system was the defense of their rights, as they believed them to be. The Court is wary of declaring that defending property rights is not a purpose for which the judicial system was designed. Likewise, Plaintiff has offered no ulterior motive on the part of the Callister Defendants than to defend what they believed to be their property rights. Second, Plaintiff has not identified any wilful act that would appear to the Court to be improper during the regular conduct of the proceedings. Plaintiff points only to the use of state case law, and what Plaintiff believes to be a wilfully incorrect interpretation of state case law. However, Plaintiff had his opportunity to present his arguments to the trial judge, the Utah Court of Appeals, and the Utah Supreme Court, and none of them agreed with him that the Callister Defendants' interpretation of state case law was incorrect.

The Utah courts have declared that the Callister Defendants' interpretation of Utah case law is correct, precluding the Court from finding that the Callister Defendants offered an incorrect interpretation of Utah law, much less a wilfully incorrect interpretation. Because no rational juror could conclude that there was an abuse of power, the Court will grant summary judgment to the Callister Defendants on Plaintiff's third cause of action.

    d.    <u>Bad Faith</u>

Plaintiff has not provided, and the Court is unaware of, any basis for bad faith as an independent cause of action. Under Utah law, bad faith is a prerequisite for the awarding of attorney

---

[36] *Id.*

fees, in that a claim or defense that is found to be without merit, and presented in bad faith, may be subject to sanctions, with attorney fees being awarded to the opposing side. As all of Plaintiff's other causes of action will be dismissed, there is no possibility that Plaintiff will be awarded attorneys' fees, so there is no independent basis for Plaintiff to claim bad faith, and the Callister Defendants will be granted summary judgment on Plaintiff's fourth cause of action.

The Callister Defendants request that the Court award them attorneys' fees. However, the Callister Defendants have not made a sufficient showing of bad faith on the part of Plaintiff to allow for awarding attorneys' fees to Defendants.

3. Conclusion

The Court will grant the Callister Defendants' Motion for Summary Judgment based on improper removal and failure to state a claim. As a result, the Court need not consider the Callister Defendants' *res judicata* or *Rooker Feldman* arguments.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Declaratory Judgment (Docket No. 10) is DENIED. It is further

ORDERED that Defendant Kate Toomy's Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 15) is GRANTED. It is further

ORDERED that Defendant T. Richard Davis, Thomas B. Price, Gary R. Howe, Nathan Scharton and the Law Firm of Callister Nebeker & McCullough's Motion for Summary Judgment (Docket No. 17) is GRANTED. The Clerk of the Court is directed to close this case forthwith.

DATED   November 4, 2008.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge